UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| ADRIAN CONAN CURB, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 3:04-CR-182-TAV-CCS-1 |
| | ) | 3:17-CV-38-TAV |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

# ORDER

Before the Court is Petitioner's successive motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 69]. He relies on *Pawlak v. United States*, in which the Sixth Circuit cited the Supreme Court's invalidation of the ACCA residual clause in *Johnson v. United States*, 135 S. Ct. 2551 (2015), as the basis for invalidating Section 4B1.2(a)(2)'s parallel provision, 822 F.3d 902, 911 (6th Cir. 2016) [*Id.* (arguing that his prior aggravated assault conviction no longer qualifies as a predicate offense)]. On February 3, 2017, the Sixth Circuit granted this Court leave to entertain action with instructions to hold it in abeyance [Doc. 67].

Review of the petition reveals that Petitioner's entitlement to relief depends in part on whether *Johnson*'s impact on the Guidelines has been made retroactively applicable on collateral review. It is this very issue that the Supreme Court has agreed resolve in *Beckles v. United States*, No. 15-8544, 2016 WL 1029080 (June 27, 2016). "The question whether to stay a case pending a potentially dispositive decision is an appellate court is a pre-trial matter committed to the sound discretion of the [court]." *United States v. Johnson*, No. 3:11-CR-48, 2016 WL 4035187, at *1 (S.D. Ohio July 28, 2016). The Court finds such a stay appropriate in this case.

In a recent published opinion, the Sixth Circuit recognized that "it is not clear whether to treat *Pawlak* as a new rule that the Supreme Court has not yet made retroactive [to cases on collateral review] or as a rule dictated by *Johnson* that the Supreme Court has made retroactive." *In re Embry*, No. 16-5447, 2016 WL 4056056, at *1 (6th Cir. July 29, 2016). While district courts are generally responsible for deciding, in the first instance, whether "*Pawlak* is a new rule or not," *Id.* at *4, multiple Sixth Circuit opinions have endorsed holding petitions similar to the instant one "in abeyance pending the Supreme Court's decision in *Beckles*," *Id.* at *4; *see also In re Patrick*, No. 16-5353, 2016 WL 4254929, at *4 (6th Cir. Aug. 12, 2016). The justification for doing so is that, "[a]fter . . . [*Beckles*], the district courts will be well positioned to handle [*Johnson*-based challenges to the Guidelines] fairly and efficiently." *In re Embry*, 2016 WL 4056056, at *4. The propriety of such a stay is further reinforced by the fact that at least two panels from the Sixth Circuit have adopted contrasting predictions for what the *Beckles* decision will hold. *Compare Id.* at *4 ("If pressed to decide the question now, we would lean in favor of saying that *Pawlak* . . . . rests on a new rule of constitutional law that the Supreme Court has not recognized, much less made retroactive on collateral review."), *with In re Patrick*, 2016 WL 4254929, at *3 ("The Supreme Court's rationale in *Welch* for finding *Johnson* retroactive [in the ACCA context] applies equally to the Guidelines.").

For the reasons discussed, the action [E.D. Tenn. Case No. 3:17-CV-38-TAV] is **STAYED** pending the Supreme Court's decision in *Beckles*. The parties are **DIRECTED** to file a joint status report within **thirty (30)** days of that decision.

    **IT IS SO ORDERED.**

    s/ Thomas A. Varlan
    CHIEF UNITED STATES DISTRICT JUDGE