UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| ADRIAN CONAN CURB, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 3:04-CR-182-TAV-CCS-1 |
| | ) | 3:17-CV-38-TAV |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

Before the Court is Petitioner's successive motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 69].[1] The United States responded in opposition on February 7, 2017 [Doc. 70]. Petitioner did not reply and the time for doing so has now passed. E.D. Tenn. L.R. 7.1, 7.2. Recently, the United States filed a motion to deny and dismiss the petition based on an intervening decision of the Supreme Court [Doc. 73]. In response, FDSET requested that the Court allow an unspecified amount of time for the submission of pro se supplements [Docs. 74, 75][2] and Petitioner filed two supplemental pleadings [Docs. 76, 77]. For the reasons below, FDSET's requests for an extension of time to amend [Docs. 74, 75] will be **DENIED**, the United States' motion to deny and dismiss [Doc. 73] will be **GRANTED,** and the

---

[1] On February 11, 2016, this Court appointed Federal Defender Services of Eastern Tennessee (FDSET) for the limited purpose of reviewing the case to determine whether Petitioner was eligible for collateral relief based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See* E.D. Tenn. SO-16-02 (Feb. 11, 2016). Consistent with that appointment, FDSET sought authorization from the Sixth Circuit and then submitted the instant successive petition [Doc. 69]. Petitioner recently submitted two pro se supplements to FDSET's original filing [Docs. 76, 77].

[2] FDSET filed both an original [Doc. 74], and amended copy of the request [Doc. 75].

supplemented § 2255 motion [Docs. 69, 76, 77] will be **DENIED** and **DISMISSED WITH PREJUDICE**.

I. BACKGROUND

In 2005, Petitioner pled guilty and was convicted of two counts of distributing crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and (b)(1)(C), respectively [Doc. 24]. Based on two prior convictions—possession of cocaine for resale and Tennessee aggravated assault, the United States Probation Office deemed Petitioner to be a career offender under Section 4B1.1 of the United States Sentencing Guidelines with a corresponding Guideline range of 262 to 327 months [Presentence Investigation Report (PSR) ¶¶ 25, 30, 33]. In accordance with that designation, this Court sentenced Petitioner to 262 months' incarceration on February 23, 2007 [Doc. 24]. Petitioner appealed; the Sixth Circuit remanded the case because the record did not establish that this Court recognized "its authority to vary categorically from the career offender Guidelines based on a policy disagreement with the 100:1 crack-to-powder ratio." *United States v. Curb*, 625 F.3d 958, 973 (6th Cir. 2010). On remand, this Court reimposed the same sentence.

On April 30, 2012, Petitioner filed a motion to vacate, set aside, or correct his sentence under § 2255 [Doc. 52]. This Court denied that petition on the merits in a Memorandum Opinion and Judgment Order entered on July 15, 2015 [Docs. 61, 62]. On June 26, 2015, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutionally vague in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Petitioner filed a successive petition based on *Johnson* [Doc. 64], but this Court transferred that filing to the Sixth Circuit because Petitioner had not obtained authorization under § 2255(h)(2) [Docs. 65, 66]. On February 7, 2017, the Sixth Circuit authorized consideration of a

2

successive collateral challenge based on *Johnson* and transferred the petition back to this Court for adjudication [Docs. 67–69]. The transferred petition contained a single ground for relief: *Johnson* invalidated the identically worded Guidelines residual clause, Petitioner's aggravated assault conviction only qualified as a crime of violence under Section 4B1.2 by way of that provision, and, without it, Petitioner lacked sufficient predicates for career offender enhancement [Doc. 69].

On March 6, 2017, the Supreme Court issued *Beckles v. United States*, which held that the United States Sentencing Guidelines are "not amenable to vagueness challenges." 137 S.Ct. 886, 894 (2017). Two weeks later, this Court entered an Order (1) explaining that *Beckles* necessarily meant that "*Johnson . . .* does not undermine sentences based on Guideline enhancements;" (2) instructing the parties to "file any motion that they want[ed] the Court to consider in conjunction with, or prior to, ruling on [the instant] petition[] on or before April 1, 2017;" and (3) requiring that responsive pleadings be filed on or before April 15, 2017 [Doc. 72].

On March 24, 2017, the United States filed a motion to dismiss Petitioner's *Johnson*-based challenge in light of *Beckles* [Doc. 73]. Three days later, FDSET requested that this Court afford Petitioner an unspecified amount of time to file pro se arguments in support of his existing petition [Docs. 74, 75]. Petitioner filed supplements on April 3, 2017 and April 17, 2017 [Docs. 76, 77].

II. **RESOLUTION OF NON-DISPOSITIVE MOTIONS**

FDSET's requests that this Court afford Petitioner an unspecified amount of time to file pro se arguments in support of his existing petition for relief [Docs. 74, 75] will be **DENIED** for two reasons. First, FDSET does not specify the length extension sought and an indefinite delay

of proceedings would not be appropriate under the circumstances. Second, Petitioner's recent submission of two pro se supplements renders FDSET's request for an extension moot.

## III. MOTION TO DISMISS WITH PREJUDICE

In addition to the petition, this Court is in possession of the United States' request to deny and dismiss Petitioner's collateral challenge to his career offender designation in light of *Beckles*. In response, Petitioner submitted two pro se supplements the cumulative effect of which is as follows: Petitioner remains entitled to vacatur of his career offender designation because (1) he was convicted of reckless aggravated assault and, (2) regardless of whether or not the residual clause remains in effect, reckless crimes cannot be categorized as crimes of violence after *Begay v. United States*, 553 U.S. 137 (2008), and *United States v. McMurray*, 653 F.3d 367 (6th Cir. 2011) [Doc. 76 (explaining that, regardless of "whether the residual clause of the Guidelines is void for vagueness or not, the petitioner's Tennessee crime of reckless aggravated assault is not deemed a crime of violence due to its reckless nature"); Doc. 77]. Petitioner also argues that he would have received a significantly shorter sentence under Amendments 706, 750, and 782 to the United States Sentencing Guidelines had he not been deemed a career offender [Doc. 77].

For the reasons that follow, the motion to deny and dismiss [Doc. 73] will be **GRANTED**.

## IV. SUPPLEMENTED PETITION FOR COLLATERAL RELIEF

### A. Standard of Review

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the

entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

### B. Challenge to Career Offender Designation Based on *Johnson*

To the extent that Petitioner argues that *Johnson* invalidated the Guideline residual clause and that without that clause, Petitioner's prior Tennessee conviction for aggravated assault cannot be categorized as a crime of violence, that argument fails because the United States Sentencing Guidelines are "not amenable to vagueness challenges." *Beckles v. United States*, 137 S. Ct. 886, 894 (2017). Thus, *Johnson* did not have any impact on Petitioner's status as a career offender.

### C. Challenge to Career Offender Designation Based On *Begay* and *McCurray*

To the extent that Petitioner argues that his 1997 aggravated assault cannot be categorized as a crime of violence after *Begay v. United States*, 553 U.S. 137 (2008), and *United States v. McMurray*, 653 F.3d 367 (6th Cir. 2011), regardless of whether or not the residual clause remains in effect, that argument fails because (1) the CM/ECF record demonstrates that he was convicted of the intentional and knowing variant of aggravated assault and (2) intentional and knowing aggravated assault categorically qualifies as a crime of violence under the use-of-force-clause.

The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1).

The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563. The Court went on to make clear, however, that its decision did "not call into question . . . the remainder of the [ACCA's] definition of violent felony," i.e., the use-of-physical-force and enumerated-offense clauses. *Id.*

Section 4B1.1 classifies a defendant as a career offender if (1) he or she was at least eighteen years old at the time the defendant committed the instant offense; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) he or she has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S. Sentencing Manual § 4B1.1(a). Only Petitioner's satisfaction of the third prong—possession of two qualifying predicate convictions—is disputed [Docs. 69, 76, 77].[3] Unlike the ACCA, the Guidelines are not subject to void for vagueness analysis and, as a result, the residual clause in Section 4B1.2 remained in effect after *Johnson*. *Beckles*, 137 S.Ct at 894.

To determine whether a particular offense qualifies as a violent felony under any of the prongs of the above definition, courts must first identify the precise crime of conviction.

---

[3] Petitioner does not dispute that his conviction for possession of cocaine for resale qualifies as a controlled substance offense and career offender predicate under Section 4B1.1(a)(3).

*Descamps v. United States*, 133 S. Ct. 2276, 2285 (2013). They do so by employing a "categorical approach," under which they look "only to the statutory definitions—elements—of a defendant's prior offense, and not to the particular facts underlying [each individual] conviction[]." *Id.* at 2283. When the conviction involves violation of a "divisible" statute—one which comprises multiple, alternative versions of the crime—courts resort to the "modified categorical approach" under which they "consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." *Id.* at 2281.

At the time Petitioner committed his aggravated assault offense, Tennessee defined the crime as follows:

(a) A person commits aggravated assault who:

    (1) Intentionally or knowingly commits an assault as defined in § 39-13-101 and;

        (A) Causes serious bodily injury to another; or

        (B) Uses or displays a deadly weapon; or

    (2) Recklessly commits an assault as defined in § 39-13-101(a)(1), and:

        (A) Causes serious bodily injury to another; or

        (B) Uses or displays a deadly weapon

(b) A person commits aggravated assault who, being the parent or custodian of a child or the custodian of an adult, intentionally or knowingly fails or refuses to protect such child or adult from an aggravated assault as defined in subdivision (a)(1) or aggravated child abuse as defined in § 39-15-402

(c) A person commits aggravated assault who, after having been enjoined or restrained by an order, diversion or probation agreement of a court of competent jurisdiction from in any way causing or attempting to cause bodily injury or in any way committing or attempting to commit an assault against an individual or individuals, intentionally or knowingly attempts to cause or

>causes bodily injury or commits or attempts to commit an assault against such individual or individuals.

Tenn. Code Ann. § 39-13-102 (1997). The statute went on to specify that a violation of "subdivision (a)(1) [was] a Class C felony," and that violation of "subdivision (a)(2) [was] a Class D felony." Tenn. Code Ann. § 39-13-102(d)(1) (1997). The statute is divisible because it lists several different variants of the offense. *See, e.g.*, *United States v. Cooper*, 739 F.3d 873, 879 (6th Cir. 2014) (recognizing that Tenn. Code Ann. § 39-13-102 "can be offended in a number of ways").

As an initial matter, this Court finds that the record contradicts Petitioner's claim that his conviction was one for reckless aggravated assault. Just the opposite, Petitioner's state court judgment reveals that he was indicted for attempted first degree murder and convicted of Class C—not Class D—aggravated assault [Doc. 70 p. 17]. The only form of Class C aggravated assault that operates as a lesser included offense for attempted first degree murder is Tennessee Code Annotated § 39-13-102(a)(1)—the intentional or knowing assault of another involving a deadly weapon or causing serious bodily injury. Because that variant invariably involves the intentional or knowing use or threatened use of violent physical force within the meaning of Section 4B1.2, s*ee* Tenn. Code Ann. § 39-11-106(5)(1995) (defining "deadly weapon" as either "a firearm or anything manifestly designed, made or adapted for the purpose of inflicting death or serious bodily injury; or . . . [a]nything that in the manner of its use or intended use is capable of causing death or serious bodily injury"); *see also United States v. Arender*, 560 F. App'x 648, 649 (8th Cir. 2014) (finding that a Tennessee aggravated assault conviction based on display of a deadly weapon had "as an element the threatened use of physical force[,] . . . capable of causing pain or injury"), the Court finds that Petitioner's 1997 conviction for aggravated assault

categorically qualifies as a crime of violence under the use-of-physical-force clause. The holdings in *Begay* and *McMurray*—both of which address reckless as opposed to intentional conduct—are inapposite to Petitioner's case and thus cannot serve as a basis for granting the relief requested.

**IV. CONCLUSION**

For the reasons discussed above, FDSET's requests for an extension of time to amend [Docs. 74, 75] will be **DENIED**, the United States' motion to deny and dismiss [Doc. 73] will be **GRANTED,** and Petitioner's supplemented successive § 2255 motion [Docs. 69, 76, 77] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**ORDER ACCORDINGLY.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE