UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:04-CR-182-TAV-DCP |
| | ) | |
| ADRIAN C. CURB, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. Now before the Court is Defendant's Motion to Substitute Attorney [Doc. 100], filed on January 19, 2021.

The parties appeared before the Court via videoconference for a motion hearing on January 29, 2021. Assistant United States Attorney Timothy Harker represented the Government. Assistant Federal Defender Benjamin Sharp of the Federal Defender Services of Eastern Tennessee ("FDSET") appeared on behalf of Defendant, who was also present. CJA Panel Attorney Gerald Gulley was also present.

In his Motion to Substitute Attorney [Doc. 100], Assistant Federal Defender Sharp states that Defendant has requested that substitute counsel be appointed in this case. During the January 29 video conference, the Court conducted a sealed, *ex parte* hearing in order to learn the nature and extent of the problems with the attorney-client relationship. Assistant Federal Defender Sharp

explained in greater detail the basis for his motion, and the Court questioned Defendant regarding his request for new counsel.

Based upon the representations of Assistant Federal Defender Sharp and Defendant during the hearing, the Court finds that the trust necessary for the attorney-client relationship is irretrievably broken and that it is appropriate to have new counsel to review this case and advise Defendant on how to proceed. Accordingly, the Court finds that good cause exists to grant the request for substitution of counsel. *See Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause).

Therefore, Defendant's Motion to Substitute Attorney [**Doc. 100**] is **GRANTED**, and Assistant Federal Defender Sharp and the FDSET are **RELIEVED** as counsel of record for Defendant. At the end of the hearing, Attorney Gulley agreed to accept representation of the Defendant if the present motion was granted. The Court therefore and hereby **SUBSTITUTES and APPOINTS** Attorney Gulley under the Criminal Justice Act, 18 U.S.C. § 3006A, as counsel of record for Defendant.[1] Assistant Federal Defender Sharp and the FDSET are **DIRECTED** to turn over all discovery and the Defendant's file to Attorney Gulley.

Accordingly, it is **ORDERED**:

> (1) Defendant's Motion to Substitute Attorney [**Doc. 100**] is **GRANTED**;
>
> (2) Assistant Federal Defender Sharp and the FDSET are **RELIEVED** of further representation of Defendant and are **DIRECTED** to provide new defense counsel with the discovery and information from Defendant's file as soon as possible; and

---

[1] The Court admonished Defendant Curb to make effort to work with Attorney Gulley. In this regard, the Court will not substitute counsel again, apart from some exceptional circumstance.

2

(3) Attorney Gerald Gulley is **SUBSTITUTED and APPOINTED** as counsel of record for the Defendant pursuant to the CJA. The parties are **DIRECTED** to contact District Judge Varlan's Chambers in order to schedule Defendant's revocation hearing.

**IT IS SO ORDERED**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge